UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Allanna Warren, | |
| Plaintiff(s), | Case No. 2:24-cv-00205-APG-MDC |
| vs. | Order |
| Heartland Homeowners Association, | |
| Defendant(s). | |

Pro se plaintiff Allanna Warren filed a complaint, but she did not pay the filing fee or file an application to proceed in forma pauperis.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." The District of Nevada has adopted three types of IFP applications: a "Prisoner Form" for incarcerated persons and a "Short Form" (AO 240) and "Long Form" (AO 239) for non-incarcerated persons. The Long Form requires more detailed information than the Short Form. The court typically does not order an applicant to submit the Long Form unless the Short Form is inadequate, or it appears that the plaintiff is concealing information about his income for determining whether the applicant qualifies for IFP status. When an applicant is specifically ordered to submit the Long Form, the correct form must be submitted, and the applicant must provide all the information requested in the Long Form so that the court is able to make a fact finding regarding the applicant's financial status. See *e.g. Greco v. NYE Cty. Dist. Jude Robert Lane*, No. 215CV01370MMDPAL, 2016 WL 7493981, at 3 (D. Nev. Nov. 9, 2016), report and recommendation

adopted sub nom. *Greco v. Lake*, No. 215CV001370MMDPAL, 2016 WL 7493963 (D. Nev. Dec. 30, 2016).

Plaintiff must pay the full filing fee or file an application to proceed in forma pauperis. For brevity the Court will not list plaintiff's prior cases here, but the Court takes judicial notice that plaintiff is a frequent filer in this Court, and her IFP applications have been denied in the past and/or her cases have been dismissed. Given that this Court has previously found that plaintiff has a history of concealing assets, the Court orders that if plaintiff files an IFP application, she must file the long form. Plaintiff must answer all questions on the long form with detailed explanations about her income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation.

Accordingly, **it is so ordered** that:

1. Plaintiff has until Thursday, **April 4, 2024,** to pay the filing fee in full or file an application to proceed in forma pauperis on the long form. Failure to comply with this order may result in dismissal of this case or a report and recommendation that this case be administratively closed.

2. The Court cautions plaintiff that continuing to file duplicative and/or frivolous lawsuits may result in adverse consequences, including possible sanctions or a finding that she is a vexatious litigant.

3. Plaintiff shall not file any documents with the Court until she has either paid the full filing fee, or the Court has approved her long form application to proceed in forma pauperis and screened her complaint.  Any documents filed in violation of this Order will not be acted upon by the Court and may be struck *sua sponte* from the docket.

### NOTICE

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, the plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. Failure to comply with this rule may result in dismissal of the action.

It is so ordered.

Dated this 5th day of March 2024.

_____
Maximiliano D. Couvillier III
United States Magistrate Judge