UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Allanna Warren,<br><br>　　　　　　　Plaintiff,<br>vs.<br><br>Heartland Homeowners Association, et al.,<br><br>　　　　　　　Defendant. | **CASE NO. 2:24-cv-00205-APG-MDC**<br><br>**ORDER DENYING PLAINTIFF'S IPF (ECF No. 18) AND SCREENING COMPLAINT (ECF NO. 1-1)** |

　　　　The Court previously denied pro se plaintiff Allanna Warren's informa pauperis application ("IFP") and ordered her to file the long form. *ECF No. 3*. Plaintiff appealed to the Ninth Circuit, and the Ninth Circuit dismissed her appeal. *See ECF Nos. 15 and 16*. The Court again ordered plaintiff to file the long form. *ECF No. 17*. Plaintiff did not file her new IFP (ECF No. 18) on this Court's approved forms, but instead filed it on the Ninth Circuit's IFP form.   Moreover, plaintiff's IFP is incomplete and inconsistent.  The Court DENIES plaintiff's IFP application. *ECF No. 18*. The Court exercises its discretion to screen plaintiff's complaint (ECF No. 1-1) and dismisses it without prejudice, and with leave to refile together with a compliant and complete IFP using the Court's approve long form.

**I.　PLAINTIFF'S IFP IS INCORRECT AND INCOMPLETE**

　　　　Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." Plaintiff states that she is unemployed and collects between $1,144 and $2,023 a month in benefits. *ECF No. 18*. She states that she has about $2,070 a month in bills and that her elderly mother lives with her. *Id*.  Plaintiff does not identify any vehicles or related insurance payments in her IFP (ECF No. 18).  In her complaint, however, plaintiff alleges that she has a

car. *See Complaint at p. 4, ECF No. 1-1.* The applicant's affidavit must state the facts regarding the individual's poverty "with some particularity, definiteness and certainty." *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (citation omitted). If an individual is unable or unwilling to verify his or his poverty, district courts have the discretion to make a factual inquiry into a plaintiff's financial status and to deny a request to proceed in forma pauperis. *See, e.g., Marin v. Hahn*, 271 Fed.Appx. 578 (9th Cir. 2008) (finding that the district court did not abuse its discretion by denying the plaintiff's request to proceed IFP because he "failed to verify his poverty adequately"). "Such affidavit must include a complete statement of the plaintiff's personal assets." *Harper v. San Diego City Admin. Bldg.*, No. 16-cv-00768 AJB (BLM), 2016 U.S. Dist. LEXIS 192145, at 1 (S.D. Cal. June 9, 2016). Misrepresentation of assets is sufficient grounds in themselves for denying an in forma pauperis application. *Cf. Kennedy v. Huibregtse*, 831 F.3d 441, 443- 44 (7th Cir. 2016) (affirming dismissal with prejudice after litigant misrepresented assets on in forma pauperis application).

Plaintiff must identify her car and state the value of it and any other assets she owns. The Court finds that her IFP application is incomplete. The Court cannot determine if plaintiff qualifies for IFP status. The Court will allow plaintiff another opportunity to show that she qualifies for IFP status. Plaintiff must submit the Court's "Long Form" (AO 239) application. Plaintiff must answer all questions on the long form with detailed explanations about her income and expenses. Plaintiff cannot leave any questions blank or respond that a question is "N/A" without an explanation. Plaintiff may alternatively pay the filing fee.

## II. WHETHER PLAINTIFF'S COMPLAINT STATES A PLAUSIBLE CLAIM

### A. Legal standard

The Court reviews plaintiff's complaint to determine whether the complaint is frivolous, malicious, or fails to state a plausible claim. 28 U.S.C. § 1915(e)(2)(B). Federal Rule of Civil

Procedure 8(a)(2) provides that a complaint must contain "a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Rule 8 ensures that each defendant has "fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Dura Pharms., Inc. v. Broudo*, 544 U.S. 336, 346, 125 S. Ct. 1627, 161 L. Ed. 2d 577 (2005). The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).  Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. A complaint should be dismissed under Rule 12(b)(6), "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of her claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  If the Court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment.  *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Federal courts have limited jurisdiction and are only able to hear cases authorized by the Constitution and Congress. *Polo v. Innoventions Int'l, LLC*, 833 F.3d 1193, 1195-96 (9th Cir. 2016). The general basis for federal jurisdiction are (1) the action arises under federal law or that (2) all plaintiffs are diverse in citizenship from all defendants and the amount in controversy exceeds $75,000. See 28 U.S.C. §§ 1331, 1332.

//

//

### B. Complaint

Plaintiff's fifty-seven-page complaint alleges a complex state-wide conspiracy[1] between her neighbors, her homeowner's association, and multiple police departments to harass her because of her alopecia and because they are racist. *ECF No. 1-1*. Plaintiff's allegations are generally rambling, unorganized, repetitive, and difficult to follow. Although she discusses the police and the City of Henderson in her complaint, she does not list any state actors as defendants in this case. All the defendants are private homeowner's associations or private individuals, such as her neighbors. *ECF No. 1-1 at 1-2*. She alleges multiple federal and state claims and seeks over $750,000 in damages. *Id. at 53*.

#### a. Rule 8

Plaintiff's complaint is lengthy and does not comply with Rule 8's directive to provide "a short and plain statement" of her claims. Plaintiff's claims for relief fail to tie specific facts to specific defendants in a simple, concise or direct manner that would reasonably allow each defendant to understand the link between alleged conduct and alleged deprivation of rights. Plaintiff's claims are so long that they appear to be at least partially duplicative, making it "excessively difficult for individual defendants to formulate proper defenses and [would] subject the [defendants] to unnecessary discovery." *McHenry v. Renne*, 84 F.3d 1172, 1175 (9th Cir. 1996); *Cafasso, U.S. ex rel. v. Gen. Dynamics C4 Sys., Inc.*, 637 F.3d 1047, 1059 (9th Cir. 2011) ("Complaints that are argumentative, prolix, replete with redundancy, and largely irrelevant" and that consist "largely of immaterial background information" are

---

[1] The allegations and statements in plaintiff's complaint pointing to a complex statewide conspiracy against her raise concerns that the complaint may be factually frivolous. *ECF No. 1-1*. "A complaint is frivolous if it is based on a nonexistent legal interest or delusional factual scenario." *Hoover v. Fedural Files Ct.*, No. 2:21-cv-02194-JAD-VCF, 2022 U.S. Dist. LEXIS 18720, at *3 (D. Nev. Jan. 31, 2002) (citing *Neitzke v. Williams*, 490 U.S. 319, 327-30, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)). Plaintiff's overall complaint appears to fall within this category. Reviewing plaintiff's case in the light most favorable to her, however, rather than dismiss the complaint as frivolous, the Court will screen the plaintiff's complaint.

subject to dismissal under Rule 8); see also *Gottschalk v. City & County of San Francisco*, 964 F. Supp. 2d 1147, 1156-57 (N.D. Cal. 2013) (granting defendants' motion to dismiss for failure to comply with Rule 8 and the court's orders to correct deficiencies in earlier pleadings after a pro se litigant filed a third amended complaint that was incomprehensible, failed to identify the specific basis of liability for each defendant, and failed to identify the factual basis for some of her claims).

Plaintiff's complaint also contains legal conclusions and argumentative assertions. Plaintiff identifies multiple claims against multiple defendants, but she refers to potential additional claims related to other lawsuits in the narrative of the complaint. For example, she alleges that the instant case is related to two other cases that are pending. *ECF No. 1-1 at 2*. The Court cautioned plaintiff regarding her frequent litigation in this Court in its earlier order. *See ECF No. 3*. The Court cautions plaintiff that if she amends, her amended complaint must be a short and plain statement of the case that complies with Rule 8, is not duplicative in itself, and is not duplicative of any of her other cases.

### b. Plaintiff's Federal Claims

#### i. Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act of 1973 ("Section 504")

Plaintiff brings claims for unlawful discrimination, harassment, and retaliation in violation of the ADA and Section 504.

#### 1. Legal Standard

Congress enacted the ADA "to provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities . . . ." 42 U.S.C. § 12101(b)(2). "Section 504 [of the Rehabilitation Act] similarly prohibits disability discrimination by recipients of federal funds." *Payan v. Los Angeles Community College District*, 11 F.4th 729, 737 (9th Cir. 2021). Title III of the ADA prohibits discrimination by public accommodations, prescribing generally that:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a). To prevail on a discrimination claim under Title III, a plaintiff must show that: (1) he is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of his disability. *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). *Ariz. ex rel. Goddard v. Harkins Amusement Enters.*, 603 F.3d 666, 669-70 (9th Cir. 2010). Private clubs and facilities are exempt from the ADA only if they are "not in fact open to the public[.]" 42 U.S.C. § 2000a(e); see also 42 U.S.C. § 12187 (the ADA does not apply to private clubs and facilities exempted by § 2000a). "Section 504 similarly prohibits disability discrimination by recipients of federal funds." *Payan v. Los Angeles Community College District*, 11 F.4th 729, 737 (9th Cir. 2021).

For purposes of the ADA, "disability" is defined as "a physical or mental impairment that substantially limits one or more of the major life activities of the individual." 42 U.S.C. §12102(2)(A). Under the applicable regulations, there are three factors to consider in determining whether an individual is substantially limited in a major life activity: "(i) The nature and severity of the impairment; (ii) The duration or expected duration of the impairment; and (iii) The permanent or long-term impact, or the expected permanent or long term impact of or resulting from the impairment." *Sanders v. Arneson Prods., Inc.*, 91 F.3d 1351, 1354 (9th Cir. 1996)(citing 29 CFR § 1630.2(j)(2). Title III prohibits discrimination in places of public accommodation, and mental health disabilities are covered under the ADA. *C. L. v. Del Amo Hosp., Inc.*, 992 F.3d 901, 905 (9th Cir. 2021). A temporary mental health impairment with minimal persistent, continuing effects "cannot be the basis for a sustainable claim

under the ADA." *Sanders*, 91 F.3d at 1354.

Title V generally prohibits discrimination "against any individual because such individual has opposed any act or practice made unlawful by this chapter [the ADA] or because such individual made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this chapter." 42 U.S.C. § 12203(a). To establish a prima facie case of retaliation under section 12203(a), plaintiff must allege that (1) he has engaged in a protected activity; (2) he was subjected to an adverse action; and (3) there was a causal link between the protected activity and the adverse action. *Brown v. City of Tucson*, 336 F.3d 1181, 1186 (9th Cir. 2003). A "protected activity" is any activity through which a plaintiff pursues his rights under the ADA. *Pardi v. Kaiser Permanente Hosp., Inc.*, 389 F.3d 840, 850 (9th Cir. 2004).

Regarding interference under the ADA, "[i]t shall be unlawful to coerce, intimidate, threaten, or interfere with any individual in the exercise or enjoyment of, or on account of his or her having exercised or enjoyed, or on account of his or her having aided or encouraged any other individual in the exercise or enjoyment of, any right granted or protected by this chapter." 42 U.S.C. § 12203(b). While most claims of retaliation under the ADA arise in an employment context, "the ADA explicitly allows retaliation claims outside the employment context, 42 U.S.C. § 12203(a), where plaintiffs have alleged that they were retaliated against for complaining of discrimination prohibited by Title III of the ADA . ." *Davison v. Hart Broadway, LLC*, No. CIV. S-07-1894 LKK CMK, 2009 U.S. Dist. LEXIS 48572, at *30 n.9 (E.D. Cal. May 26, 2009)(Noting that ADA retaliation cases outside the employment context look for "adverse actions," as opposed to "adverse employment actions").

### 2. Analysis

Plaintiff alleges that she was denied short term disability which she says she needed because stress was taking a toll on her health, and she needed mental help. *ECF No. 1-1 at 37*. Plaintiff states that

7

she previously received medication for bi-polar disorder, but she has never been diagnosed as bi-polar and is no longer taking that medication. *Id. at 32 and 37*. It is unclear what plaintiff's alleged disabilities are given that she denies being diagnosed as bi-polar and alleges that stress is taking its toll on her mental health.

Reading her complaint liberally, allegations regarding her mental health do not provide notice under Rule 8 regarding any disabilities and whether they substantially limit a major life activity. See e.g. 42 U.S.C. §12102(2)(A). She also does not discuss the nature and severity of any impairment, the duration, or whether the impairment is permanent. *See Sanders*., 91 F.3d at 1354. Stress is generally considered a temporary mental health impairment and cannot form the basis of an ADA claim. *Id.* It is not clear if plaintiff is attempting to allege that her alopecia condition is a disability. Since plaintiff has not adequately shown that she is disabled, the Title III and Section 504 claims fail.

Even if plaintiff does adequately allege a disability, plaintiff has not alleged that the that any of the defendants are recipients of federal funds, so she has not alleged a Section 504 claim. The defendants appear to be homeowner's associations ("HOA") and/or residents of the HOA, but it is also unclear. While it is possible to bring a Title III claim against HOAs, plaintiff has not alleged that any of the private entities own, lease, or operate places of public accommodation or that she was denied accommodations because of her disability. See e.g. 42 U.S.C. § 2000a(e); see also *Sawyer v. Pac. Beach House, LLC*, No. 21-cv-05140-DMR, 2022 U.S. Dist. LEXIS 71208, 2022 WL 1136797, at *4 (N.D. Cal. Apr. 18, 2022)(Recognizing that portions of a residential facility may be covered by the ADA if made available to the general public for rental or use[.]) Title III cases are fact intensive, and while plaintiff's complaint is lengthy, she does not provide facts about which areas are available for use by anyone other than residents of the HOA or their guests. Plaintiff instead focuses primarily on her own private property, such as her neighbors trespassing in her front yard. Private property is not protected by

the ADA. See supra 42 U.S.C. § 2000a(e) and 42 U.S.C. § 12187.

Regarding retaliation, plaintiff has not alleged that she engaged in a protected activity, that she was subjected to an adverse action; and there was a causal link between the protected activity and the adverse action. See *Brown v. City of Tucson*, 336 F.3d 1181 at 1186. Plaintiff's retaliation claim appears to be attached to the police department releasing an embarrassing photo of her alopecia, but the police are not defendants to this case. She also appears to allege that the City of Henderson retaliated against her for not providing her address to them by sending a police officer to her home. Again, neither of these entities are defendants. Neither of these actions would fall into a category of a protected activity either, since it does not appear that the plaintiff was pursuing her ADA rights in either of these instances.

Regarding her harassment claim under the ADA, which the Court liberally construes as an interference claim, plaintiff alleges that the neighbor's racist children trespass in her front yard. Such allegations are not clearly pled in his complaint. In any event, for the reasons discussed above, the complaint does not allege sufficient facts establishing a claim of discrimination under the ADA, which is "the predicate for any claim of retaliation and/or interference under [the ADA]." *McColm v. San Francisco Hous. Auth.*, No. C02-5810 PJH, 2007 U.S. Dist. LEXIS 41631, 2007 WL 1575883, at *13 (N.D. Cal. May 29, 2007); see also *Arceneaux v. Marin Housing Auth.*, No. 15-cv-00088-MEJ, 2015 U.S. Dist. LEXIS 67930, 2015 WL 3396673, at *7 (N.D. Cal. May 26, 2015)(concluding that plaintiff could not state a claim for retaliation/interference under ADA where plaintiff did not allege a viable claim for discrimination under the ADA).

The Court thus dismisses these claims without prejudice, with leave to refile. If plaintiff amends, she must state specific facts about her disabilities and what discrimination she suffered due to her disabilities.

//

### ii. Racial Discrimination Pursuant to 42 U.S.C. § 1981

"To establish a prima facie case of racial discrimination under section 1981, ... [the plaintiff] must establish that he (1) "is a member of a protected class;" (2) "attempted to contract for certain services;" and (3) "was denied the right to contract for those services." *Touray v. Burlington Coat Factory Warehouse Corp.*, Civil Action No. 3:21-cv-5407-BJR, 2021 U.S. Dist. LEXIS 243517, at *2(W.D. Wash. Dec. 21, 2021); (quoting *Lindsey v. SLT L.A., LLC*, 447 F.3d 1138, 1145 (9th Cir. 2006), citing *Christian v. Wal-Mart Stores, Inc.*, 252 F.3d 862, 872 (6th Cir. 2001)) (footnote omitted). Section 1981 prohibits discrimination on the basis of race, ethnicity, or other protected status by private actors as well as discrimination under color of law. See 42 U.S.C. 1981(c). To prove a violation of section 1981, a plaintiff must show that the defendant acted with an intent to discriminate on the basis of race or other protected status. Disparate impact claims are insufficient. *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391, 102 S. Ct. 3141, 73 L. Ed. 2d 835 (1982); *Evans v. McKay*, 869 F.2d 1341, 1344 (9th Cir. 1989). Speculative, conclusory allegations are insufficient to state a claim for "purposeful, invidious discrimination." *Iqbal*, 556 U.S. at 682.

"Any claim brought under 42 U.S.C. § 1981 . . . must initially identify an impaired 'contractual relationship,' § 1981(b), under which the plaintiff has rights." *Domino's Pizza, Inc. v. McDonald*, 546 U.S. 470, 476, 126 S. Ct. 1246, 163 L. Ed. 2d 1069 (2006); see also *Banks v. Am. Airlines Group, Inc.*, 2022 WL 1537360, at *1 (9th Cir. 2022) (plaintiffs failed to state a claim for racial discrimination under 42 U.S.C. § 1981 when they failed to identify a contractual relationship under which they had rights).

Plaintiff states that she is African American, so she is a member of a protected class. Plaintiff is allegedly a member of the HOA, so she was not prevented from entering a contract with the HOA. Plaintiff alleges that she emailed the HOA to notify them of neighbors violating the city laws and ordinances as well as community rules. *ECF No. 1-1 at 6*. Plaintiff alleges that the HOA did not help

her, but she received a notification about her weeds and an inoperable car because she is African American. *Id*. Plaintiff also alleges that other neighbors have worse weeds. *Id*. Plaintiff also complains about the actions of her neighbors at the HOA, as they allegedly do not pick up dog feces from her yard, their children sometimes play in her yard, and she says the children have vandalized her property. Plaintiff alleges that these actions are racist. *Id. at 6, 9, and 41*. Plaintiff does not specify what she means when she says her neighbors vandalize her property in her pleading.

These allegations are insufficient to state a plausible claim of intentional racial or ethnic discrimination under section 1981. See *Yan Sui v. 2176 Pac. Homeowners Ass'n,* No. SACV 11-1340 JAK (AJW), 2012 U.S. Dist. LEXIS 148921, at *39 (C.D. Cal. Aug. 30, 2012)(Finding that when the defendants towed plaintiff's unregistered, inoperable vehicle after it had remained parked in their driveway for four years, but then defendants subsequently allowed a tenant to park an operable vehicle in a parking space from the end May 2011, when its registration expired, until the date the complaint was filed on September 6, 2011, was not a plausible Section 1981 claim); citing to *Francis v. Giacomelli*, 588 F.3d 186, 195 (4th Cir. 2009) (holding that allegations that the plaintiffs were African-American males, the defendants were all white males, and that the defendants had terminated the employment and physically removed white members of the Police Department were "conclusory and insufficient to state a § 1981 claim"). Plaintiff's allegations that the HOA and neighbors are racist is conclusory. Plaintiff does not allege specifically what activity she was intentionally denied the right to participate in, nor does plaintiff allege how any defendant intentionally denied plaintiff the right to engage in one of the enumerated activities protected by 42 U.S.C. § 1981, on the basis of plaintiff's race. Plaintiff's complaint fails to allege sufficient facts to state a cause of action under 42 U.S.C. § 1981.

   c. State Law Claims

Plaintiff is also attempting to assert state law claims against all defendants, including violations

of Nevada statutes, intentional infliction of emotional distress, civil conspiracy, respondeat superior and vicarious liability, and negligent hiring, among others. Plaintiff has not stated a federal claim for relief. Diversity jurisdiction does not exist in the alternative since many of the defendants are citizens of the same state as the plaintiff (Nevada). Since the plaintiff must successfully state a federal claim to proceed with his case, the Court will not screen plaintiff's remaining state court claims at this time. See *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7, 108 S. Ct. 614, 98 L. Ed. 2d 720 (1988) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims."); *Wade v. Reg'l Credit Ass'n*, 87 F.3d 1098, 1101 (9th Cir. 1996) (holding that "[w]here a district court dismisses a federal claim, leaving only state claims for resolution, it should decline jurisdiction over the state claims and dismiss them without prejudice"); see also *Karriem v. Cellco P'ship*, No. 2:20-cv-00884-JAD-VCF, 2021 U.S. Dist. LEXIS 131876, at *17 (D. Nev. July 15, 2021)(Declining to screen and dismissing state law claims when there are no remaining federal claims). The Court dismisses all plaintiff's state law claims without prejudice.

If plaintiff amends and is able to state a federal claim, the Court will screen her state law claims if she realleges them in her amended complaint.

**C. Conclusion**

Plaintiff has not articulated any plausible claims. Plaintiff's claims do not satisfy Rule 8's notice requirements. It is possible that these deficiencies may be cured through amendment. Plaintiff's complaint is dismissed without prejudice. Plaintiff must file an amended complaint explaining the circumstances of the case, the relief plaintiff seeks, and the law upon which she relies in bringing the case. The amended complaint must be "complete in and of itself without reference to the superseded

pleading and must include copies of all exhibits referred to in the proposed amended pleading.  LR 15-1(a).

**It is so Ordered:**

1. Plaintiff's Application To Proceed In Forma Pauperis (ECF No. 18) is **DENIED** without prejudice.

2. That plaintiff's Complaint (ECF No. 1-1) is **DISMISSED** without prejudice with leave to amend, as discussed in this Order.

3. That plaintiff has until **September 25, 2025**, to do the following:

    (a) file a complete long form (AO 239) application to proceed in forma pauperis as specified in the Court's order or pay the full fee for filing a civil action; and

    (b)  file an amended complaint addressing the issues discussed above.

    Failure to timely file a completed long form IFP and amended complaint that addresses the deficiencies noted in this Order may result in a recommendation for dismissal.

4. The Clerk of the Court is directed NOT to issue summons if plaintiff files an amended complaint.  The Court will issue a screening order on the amended complaint and address the issuance of summons at that time, if applicable.  See 28 U.S.C. § 1915(e)(2).

IT IS SO ORDERED.

DATE: August 26, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and

recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**