UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Allanna Warren,<br><br>             Plaintiff,<br>vs.<br><br>Heartland Homeowners Association, et al.,<br><br>             Defendant. | Case No. 2:24-cv-00205-APG-MDC<br><br>**REPORT AND RECOMMENDATION TO DISMISS CASE**<br><br>And<br><br>**ORDER DENYING PLAINTIFF'S IFP APPLICATION (ECF NO. 20) AS MOOT** |

Pro se plaintiff Allanna Warren filed a renewed *Application to Proceed In Forma Pauperis* ("IFP"). *ECF No. 20*. The Court also reviewed plaintiff's supplement Response to the Application to Proceed In Forma Pauperis ("Response"). *ECF No. 21*. The Court previously (1) screened and dismissed plaintiff's complaint without prejudice and (2) denied plaintiff's IFP application as incomplete. *ECF No. 19*. Plaintiff did not file an amended complaint within thirty days and the time to do so has passed.

For the reasons discussed in the Court's screening order (ECF No. 19), the Court **RECOMMENDS** that this case be **DISMISSED**. The Court **DENIES** plaintiff's renewed IFP application (ECF No. 20) as moot.

I.   **DISCUSSION**

A.   **Legal Standard**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *Malone v. U.S. Postal*

*Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. *In re Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

**B.  Plaintiff's IFP Application**

The Court previously denied plaintiff's IFP application as incomplete. *ECF No. 19*. The Court ordered that plaintiff must (1) answer all questions on the long form with detailed explanations about her income and expenses and (2) that she cannot leave any questions blank or respond that a question is "N/A" without an explanation." *Id.* at 3. Plaintiff responds that most of the questions in her renewed IFP application are not applicable to her as she crosses out many of the questions. *Id.* Plaintiff represents in her Response that she believes the Court wants her, "to misrepresent her financial situation so they are justified in denying her application." *ECF No. 21 at 2*. The Court denies the renewed IFP application as moot, however, because plaintiff did not comply with the Court's Order, as she has not filed an amended complaint pursuant to the Court's previous Order. *ECF No. 19*.

**C.  Plaintiff's Complaint**

The Court screened and dismissed plaintiff's Complaint and gave her an opportunity to file an amended complaint. Plaintiff reviewed that Order, as detailed in her Response, but she did not file an amended complaint. Even if the Court were to liberally construe her Response as an amended complaint,

2

she does not state any claims in the Response or address any of the deficiencies outlined in the Court's Order. The Court thus finds that plaintiff has not complied with the Court's Order.

The first two factors, the public's interest in expeditiously resolving this litigation and the Court's interest in managing its docket, weigh in favor of dismissal of the plaintiff's case. Plaintiff has chosen not to comply with this Court's Order. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. See *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal.

The fifth factor requires the Court to consider whether less drastic alternatives can be used to correct the party's failure that brought about the Court's need to consider dismissal. *Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining that considering less drastic alternatives before the party has disobeyed a Court order does not satisfy this factor); accord *Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the Court's Order as satisfying this element[,]" i.e., like the "initial granting of leave to amend coupled with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*). Courts "need not exhaust every sanction short of dismissal before finally dismissing a case but must explore possible and meaningful alternatives." *Henderson*, 779 F.2d at 1424.

Litigation cannot progress without a plaintiff's compliance with Court Orders. The only alternative is to enter another order setting another deadline. Issuing another order, however, will only delay the inevitable and further squander the Court's finite resources. Setting another deadline is not a meaningful alternative given these circumstances. The fifth factor favors dismissal.

After weighing these dismissal factors, the Court finds that they weigh in favor of dismissal. For the reasons discussed in this Order and the Court's earlier screening Order (*ECF No. 19*), plaintiff's case should be dismissed. Plaintiff will also not be prejudiced because she has an opportunity to object to this report and recommendation.

**IT IS SO RECOMMENDED AND ORDERED:**

The Court **RECOMMENDS** that plaintiff's Allanna Warren's case be DISMISSED.

The Court **ORDERS** that plaintiff's renewed *Application to Proceed In Forma Pauperis* (ECF No. 20) is DENIED AS MOOT.

**IT IS SO RECOMMENDED AND ORDERED.**

DATE: October 16, 2025.

_____
Hon. Maximiliano D. Couvillier III
United States Magistrate Judge

**<u>NOTICE</u>**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983). Pursuant to LR IA 3-1, plaintiffs must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party's

attorney, or upon the opposing party if the party is unrepresented by counsel. **Failure to comply with this rule may result in dismissal of the action.**